5/11/00 ①③

ASM

CV- 00-131

CV-00-199

Consolidated

Into

CV-00-131



FILED

MAY 10 2000

PER ASM
HARRISBURG, PA.          DEPUTY CLERK

TERMED PROSE
CONSOL

U.S. District Court
Middle District of Pennsylvania (Harrisburg)

CIVIL DOCKET FOR CASE #: 00-CV-199

Mah v. Reno                                             Filed: 02/02/00
Assigned to: Judge Yvette Kane
Demand: $0,000 42109                    Nature of Suit: 530
Lead Docket: None                      Jurisdiction: US Defendant
Dkt # in PAMD-Hbg : is 1:cv-99-1733
Dkt # in PAMD-Hbg : is 1:cv-00-199

Cause: 28:2241   Petition for Writ of Habeas Corpus (IMMIGRATION)


WAI CHIU MAH                    Wai Chiu Mah
     petitioner                98-00-193
                               [COR LD NTC] [PRO SE]
                               CTY-SNY
                               Snyder County Jail
                               600 Old Colony Rd.
                               Selinsgrove, PA 17870-8610
                               717-374-7912


     v.


JANET RENO, Attorney General
     respondent

Certified from the record
Date 5/10/00
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

Docket as of May 11, 2000 3:01 pm                    Page 1

Proceedings include all events.                                    TERMED
1:00cv199 Mah v. Reno                                                    PROSE
                                                                   CONSOL

2/2/00    1      PETITION FOR WRIT OF HABEAS CORPUS by petitioner.   Receipt
                 #: 333 78643  Amt: $5.00 (sc) [Entry date 02/04/00]

2/4/00    --     PRISONER LETTER issued as to petitioner Wai Chiu Mah with
                 Notice and Consent Form and Notice of Judicial Assignment.
                 (sc) [Entry date 02/04/00]

2/4/00    --     REMARK - Case file with copy of docket to Judge Kane. (sc)
                 [Entry date 02/04/00]

5/10/00   2      ORDER - by Judge Yvette Kane: IT IS ORDERED THAT: 1. The
                 Clerk of Crt. is directed to serve copies of the pleadings
                 in the above-captioned matters on respondent and the US
                 Atty. 2. Pur. to 28 USC 2243, and within 15 days of the dt.
                 of this order, respondent is directed to show cause why the
                 writ should not be granted. 3. Petitioner shall file any
                 response thereto within 10 days of respondent's filing. IT
                 IS FURTHER ORDERED THAT petitioner's related matter,
                 CV-00-199, shall be consolidated into CV-00-131. The Clerk
                 of Crt. shall close CV-00-199. Case terminated Case
                 consolidated (cc:  all counsel (cert. & reg. mail), court
                 & Security) (am) [Entry date 05/11/00]

5/11/00   --     REMARK - Case file consolidated into CV-00-131. (am)
                 [Entry date 05/11/00]

5/11/00   --     REMARK - File jacket & copy of doc. #2 placed in the Hbg.
                 closed file room. (am) [Entry date 05/11/00]

Re: 333 78643

# 1:CV 00- 199

J. Kane

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

<table>
<tr><td>

**WAI CHIU MAH**<br>
(Petitioner)<br><br><br>
  -v-<br><br><br>
**JANET RENO, ATTORNEY GENERAL**<br>
(Respondent)

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**FILED**<br>
HARRISBURG, PA<br><br>
FEB - 2 2000<br><br>
MARY E. D'ANDREA, CLERK<br>
Per _____<br>
   Deputy Clerk<br><br>
**RECEIVED**<br>
**SCRANTON**

</td></tr>
</table>

JAN 3 1 2000

PER _____ DEPUTY CLERK

## PETITION FOR RELIEF PURSUANT TO 28 U.S.C. SECTION 2241

NOW COME, Petitioner Wai Chiu Mah, pro-se, and respectfully moves
this honorable court to grant him a nominal bail pursuant to Federal
Rules of Civil Procedure 65(C) pending the resolution of his habeas
corpus petition in violation of his constitutional due process right
with this court.

Petitioner further moves this honorable court to apply the standard
in **Haines v Kerner, 404 U.S. 519 (1971)**.  In **Haines,** the Supreme
Court urged the State and Federal court to construe pro se and indigent
petition liberally and cure all procedural errors because pro se
petitioners are not lawyers.

In support thereof, Petitioner avers as follows:-

### FACTUAL STATEMENT

Petitioner, Wai Chiu Mah, is a native and citizen of Hong Kong,
born November 12th, 1954, who came into the United States on March
5th, 1965 , at Honolulu, Hawaii with his mother, father, and five (5)
of his siblings.  In 1965, his status was adjusted to that of a
lawful permanent resident.

Petitioner further states that since his arrival into the United
States in 1965, he never left the United States, and his entire
family (including his wife, whom he married on July 25th, 1980,
his two United States citizen children, his mother and father, who
are retired naturalized United States citizens, and his five siblings,
who are United States citizens) resides in the United States from
1965 till present.

On or about February 25th, 1998, while serving his prison sentence
for a criminal conviction, he was ordered remove from the United
States, and Petitioner through his counsel appealed the decision
of the Immigration judge of his removal order to the Board of
Immigration Appeals.

On or about January 15th, 1999, the Board of Immigration Appeals
(BIA) dismissed Petitioner's appeal on the ground that he was convicted
of an aggravated felony, and his removal order became administratively
final.

On September 21st, 1999, Petitioner filed a habeas corpus challenging
his deportation order entered as an aggravated felony, in which
Honorable Judge Kane dismissed the petition, and Petitioner filed
a motion for reconsideration which is still pending with the court.

On or about January 4th, 2000, Petitioner filed another habeas corpus
pursuant to 2241, challenging the violation of his constitutional
right of Fifth Amendment based on his continued indefinate detention,
still pending with this court.

Petitioner undertakes this petition because since the time of his
arrest by INS and throughout his detention no bond has been set
for his release despite the fact that he was entitled to bond pursuant
to the transitional period custody rule (TPCR) as set forth in the
(IIRIRA).

-2-

## SUBJECT MATTER AND DISTRICT COURT JURISDICTION

Petitioner, Mr Mah, is in custody at Snyder County Prison under
the custody of Immigration and Naturalization Service (INS) in
Selinsgrove in violation of his constitutional Due Process. The
District court, for the Middle District of Pennslvania has jurisdiction
over this petition by virtue of Title 28 U.S.C. Section 2241 of
the Federal Rules of Criminal Procedure which allows person(s) being
detain or held unlawfully to petition the court in the jurisdiction
or District of his confinement. The Fifth Amendment mandates that
" no person shall be deprive of life, liberty, or property without
due process of law"

This due process of law protection extends not only to United States
citizens but any person within the territoral United States. See
**Player v. Doe,** 457 U.S. 202 (1982), In 1996, Congress through the
enactment of AEDPA and IIRIRA attempted to narrow down or reduce
judicial challenges in Immigration rulings, but several courts have
noted that the power of the **"Great Writ "** to challenge issues of
constitutional violation as it relates to aliens, both legal and
illegal is still intact. See **Sandoval v. Reno,** 164 F. 3d 225 (3rd
Cir. 1999), and **De Sousa v. Reno,** F.3d 1999 WL 643171 (3rd Cir.
1999).

In **Sandoval,** the Third Circuit Court of Appeals held that AEDPA
and IIRIRA did not eliminate hebeas corpus jurisdiction over all
deportation related claims under 28 U.S.C. Section 2241 because
there was not clear statement of Congressional intent to repeal
hebeas corpus jurisdiction and it could not be repealed by implication.
See **Sandoval** 166 F.3d at 231-238.

Furthermore, this court has jurisdiction to review this case because
alien who has been denied release on bail pending deportation proceeding
was not required to exhaust his administrative remedies prior to
seeking hebeas corpus in federal court. See **Montero v. Cobb,** 937
F.Suup. 88 (D.Mass. 1996), **Pastor-Camarera v. Smith,** 977 F. Supp.
1415 (W.D. Wash. 1997), **Richard v. Reno,** 994 F. Supp 1466.

-3-

**Van-Eeton V. Bedie,** 49 F. Supp. 2d 1186 (D. or. Feb. 199), **Martina v. Green,** 28 F. Supp. 2d 1275 ( D. Colo. 1998), **Tam v. INS,** 14 F. Supp. 2d 1184 (E.D. Cal. 1998), and **Mathews V. Reno,** 52 F. Supp. 2d 195 (D. Mess. 1999).

## ISSUE PRESENTED FOR REVIEW

(1) Whether mandatory detention 236(C) of the INA, can be retroactively applied to a lawful pernament resident, who was released from criminal conviction before October 9th, 1998?

(2) Whether mandatory detention under 236(C) of INS, violate deportable alien constitutional right to Fifth Amendment due process?

## ARGUMENT IN SUPPORT

**(1) Whether mandatory detention 236(C) of the INA, can be retroactively applied to a lawful pernament resident, who was released from criminal conviction before October 9th, 1998?**

Congress has explicitly set forth the effective date of the new detention provisions of the IIRIRA. See **Pub. L. 104-208, Div C. Title III, §303 (b), Sept. 30th 1996, 110 Stat. 3009-586.** In that provision, Congress provided that implemantation of the mandatory detention provision contained in **8 U.S.C. Section 1226(C)** could be delay for up two years upon the request of the Attorney General. See **IIRIRA Section 303(b)(2).**

Congress then provided that after the end of such 1 year or 2 years period, the provision of 8. U.S.C. Section 1226 (C) shall apply to individuals released after such period. IIRIRA Section 303(b)(2) clearly set forth the express command of Congress that the pernament mandatory detention provisions are to be applied to aliens who were released after the transitional rules expired. The transitional rules expired on Oct 9th, 1998, and, therefore, by virtue of the express terms of IIRIRa, 8. U.S.C. Section 1226(C) does not apply to Petitioner who was released before October 8th, 1999. As Justice Scalis recently observed, " If to state this case, is not to decide it. The law has departed further from the meaning of language than is appropriate for a government that is supposed to rule (and to

-4-

be restrained) through the written ward" **United States v. Rodriguz-Moreno,** –US– 119, Sct 1139 (1999).

In **Barahoma-Gomez v. Reno,** **167 F.3d 1228 (9th Cir. 1999).** The Nineth Circuit cort of Appeals hald that an alien in deportation proceedings that was denied bail by INS, is entitled for a nominal bail of $1000 pursuant to Fed.R.Civ.P.65(c). See **Walter v Reno,** **145 F.3d 1032 ( 9th Cir. 1998).**

In **Velasquez v. Reno,** **37 F.Supp. 2d 663 (D.N.J. 1999).** The court held that mandatory detention provision of INA should not be applied retroactively. It violates both Fifth Amendment Substantive and Procedural Due Process rights and as well as the Eight Amendment prohibition against excessive bail. Please see:

**Alwaday V. Beebe,** 1999 WL 184028 (D. Ore, 1999);
**Alves-Curras V. Fasano,** 98 CV 2295 (S.D. Cal, 1999);
**Reyes-Rodriquez V. Fasano,** 99 CV 0023 (S.D. Cal, 1999);
**Grant V. Zemski,** 99- 2620 (E.D. pa, 1999);
**Abdel Fattah V. Reno,** 3:99 CV 0947 (M.D.PA, 1999);
**Miranda-Artiaqua V. Reno,** 3: CV 99-0949 (M.D.Pa, 1999);
**Zarqo V. Reno,** 99-1938 (NHP) (D.N.J. 1999);
**Sena V. Fasano,** 99 CV 715 BTM (RBB) (S.D. Cal, 1999);
**Aguilar V. Lewis,** 98-99-662 A (E.D.VA, 1999);


**(2) Whether mandatory detention under 236(C) of INA, violate deportable alien constitutional right to Fifth Amendment due process?**

Petitioner argues that the current law under Section 236(c)(1) of the INA by which he is being detained is unconstitutional and violates his due process right. The section provides that the Attorney General shall take into custody certain criminal aliens upon completion of their criminal sentence and that they may not be considered for release.

In 1988, Congress enacted a similar law (ADAA) under 8 U.S.C. section

1252(a)(2), which provided that any alien convicted of an aggravated felony offense be detained upon completion of the alien's sentence. But several courts that found that statute to be in violation of both the Fifth and the Eight Amendment of United States Constitution.

In **Probert V. INS,** 750 F.Supp. 252 (E.D. Mich. 1990), the court stated that no act of Congress can authorize a violation of the constitution. The court further wrote: " the Fifth Amendment speaks of persons, as does the Eight Amendment. It does not speak of citizens, it does not speak of residents, it speaks of persons. All persons in the United States are entitled to fundamental due process, which is totally demied by the statute 8 U.S.C. section 1252(a)(2) in question."

In **Kellman V. District Director,** 750 F. Supp. 625 (S.D.N.Y. 1990), the court ruled that Congress cannot constitutionally render a permanent resident alien in deportation proceedings ineligible for bail without a case by case determination of suitability for release on bail.

In **Paxton V. INS,** 745 F. Supp. 1261 (E.D. Mich. 1990), the court held that " a statute which authorized a mandetory denial of bail achieve the same result of violating the prohibition against excessive bail within the context of the Eight Amendment.

The court in **Paxton,** followed the Supreme Court's reasoning in **Unites States V. Salerno,** 481 U.S. 739 (1987), and looked into the legislative intent behind 8 U.S.C. 1252 (a)(2) to determine if the regulation was permissible. In its analysis, the court determine that the regulatio were excessive in the light of the goals that they sought to achieve and that the mandate that " the Attorney General shall not release such felon from custody is precisely the type of govermental conduct that shocks the conscience and interfers with rights implicit in the concept of ordered liberty.

Petitioner further asserts that the mandetory detention provission under dection 236(c), which denied individualised determination of suitability for release on bail for permanent resident is

-6-

unconstitutional and violates due process.

Under 8 U.S.C. section 1226(c)(1), Congress seeks to detain virtually all criminal aliens, a much more broader group that the group of aggravated felons that 8 U.S.C. section 1252(c)(2) sought to detain. But by doing so, Congress would be imputing a purpose to injure society to all aliens.

In **U.S V. Carlson,** 96 L.Ed 547 (1952), the Supreme court ruled that " a purpose to injure (society) could not be imputed to all aliens subject to deportation. **Van Eeton V. Beebe,** 49 F. Supp. 2d 1186 (D. Or, 1999),** the court stated that section 1226(c) violated petitioner's due process rights and ordered a bail hearing or release. See also **St. John V. McElroy,** 917 F. Supp 243 (S.D.N.Y. 1996); **Tam V. INS,** 14 F. Supp. 2d 1184 (E.D. Cal 1998).

This court should also consider the fact that Petitioner is from Hong Kong, and his deportation back to Hong Kong will not be possible, where his live is in danger. In **Tam V. INS, 14 F. Supp. 2d 1189 (E.D. Cal. 1998),** the court granted release to an alien on personal recognises or third party pending the ajudiction of his petition challenging his indefinite detention.

With respect to the above reasons for bail, the INS record will support that Petitioner is a permanent resident, with well established family ties, with no prior Immigration violation or history of failure to appear in prior criminal or removal proceedings. Throughout Petitioner detention at Snyder County Prison and FCI Allenwood, Petitioner has made an examplary ajustment with respect to his rehabiliation. Specifically, he has victoriously finished his GED program. He gets along with staffs and fellow detainees and has never received any institutional infraction. Petitioner will also agree to any stipulation of this court in regards to his release. See **Exhibit A**

Petitioner has a wife, children, father, mother and father and mother inla

and including his five siblings who are all United States citizen,

currently living in United States. They are concerned and very supportive

of him. Petitioner emphasize that he maintains close ties with his family,

who may be contacted for further verification if deemed necessary.

Petitioner also inclosed letters from close family friends attesting to

the negative impact which his continued detention is having on his wife

and children.  **See Exhibit B**

Petitioner's wife letter fully attest to all the problems, and extreme

hardship she and the children has being suffering due to his husband'

detention. **See Exhibit C.**

Petitioner will also inform this honorable court that if release on bail,

he will reside with his wife, and also work at Page A Ride Inc.

**See Exhibit D.**

Petitioner is not a threat to the National security, nor do he pose a bail

risk, considering all his numerous equites which strongly supports and

favors him significantly for release on bail. Petitioner has never failed

to appear for any court hearing both civil and criminal.

In this case at bar, Petitioner have served his prison sentence, and has

been detained under the custody of INS for over 20 months without a

bail. Petitioner's continued detention has inflicted severe life

threatening harm to his family, and irreparable injury if he is not

release.

For all the reasons stated above, Petitioner respectfully moves this honorable court to grant his request for a nominal bail pursuant to Fed. R. Civ. P. 65 (c), pending the resolution of his constitutional due process violation of Fifth Amendment before this court.

Respectfull Submitted

**Wai Chiu Mah**
**98 00 193**
**Snyder County Prison**
**600 Old Colony Road**
**Selinsgrove, PA. 17870**



**SNYDER COUNTY PRISON**
**600 OLD COLONY ROAD**
**SELINSGROVE, PA. 17870-8610**

GEORGE C. NYE
WARDEN

SCOTT HORNBERGER
DEPUTY WARDEN

LARRY WOMER
DEPUTY WARDEN

**PHONE: (717) 374-7912**
**FAX: (717) 374-7921**

*EXHIBIT "A"*

**DATE:**    1/12/2000

**TO:**  INS Authorities

**FM:** G. C. Nye, Warden

**RE:**   Mah, Wai Chiu

Frequently, INS inmates housed at this facility, request a recommendation from staff to be used by the inmate for purposes of deportation hearings and proceedings.

It is the policy of the Snyder County Prison to refrain from preparing "letters of recommendation" unless the INS directly makes such a request. However, in lieu of a letter of recommendation, the Warden of the Snyder County Prison does prepare a "letter of facts" for an INS inmate's use.

This "Letter of Facts" has been prepared at the request of the above named inmate and covers the following items. This letter *is not* to be perceived as a recommendation of any kind.

DATE OF COMMITMENT TO THE SNYDER COUNTY PRISON:     3/18/98

CONDCUCT RECORD:  *(If no Infraction reports have been noted, indicate "clear" conduct).*
*(If inmate has not maintained "clear" conduct indicate the Date of the Infraction, the nature of the Infraction and the disposition of the Infraction by the Discipline Hearing Committee).*

 Clear

WORK ASSIGNMENTS:

 Hall Trustee

**PROGRAM PARTICIPATION:** *(Include all Educational Programs as well as Drug Abuse, etc., classes).*

None

**OTHER NOTEWORTHY ITEMS:**

None

**OVERALL GENERAL ADJUSTMENT WHILE CONFINED:**

Good

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS                                    January 13, 199.

Attachment A, Page 1

### PROGRESS REPORT

FCI Allenwood, Pennsylvania                    December 17, 1997
  INSTITUTION                                      DATE

Inmate Reviewed:

_Inmate's Signature_          _Date_          _Staff Signature_

| | |
|---|---|
| 1. Type of Progress Report: | |

Initial: _____   Statutory Interim: _____   Pre-Release: XXX
Transfer: _____   Biennial: _____   Other (specify): _____

| 2. Name: | 3. Register Number: | 4. Age (DOB) |
|---|---|---|
| MAH, Wai Chui | 37808-054 | 43 (11-12-1954) |

5. Present Security/Custody Level: MEDIUM/IN

6. Offense/Violator Offense: Conspiracy to Transport and Possession
   of Firearms by a Convicted Felon
   3559 SRA

7. Sentence: 36 months, plus 3 years Supervised Release
             $50.00 Felony Assessment

| 8. Sentence Began 03-29-1996 | 9. Months Served + Jail Credit 21 months + 234 JCT | 10. Days GCT/or EGT/SGT 108/0/0 |
|---|---|---|
| 11. Days of FSGT/WSGT/DGCT: 0/0/0 | 12. Projected Release Date: 03-18-1998, Good Conduct Time Release | 13. Last USPC Action N/A |

14. Detainers/Pending Charges: Mr. Mah has a detainer on file from
the Immigration and Naturalization Service.

15. Co-Defendants: N/A

FEDERAL BUREAU OF PRISONS

PROGRESS REPORT - CONTINUED

Committed Name: MAH, Wai Chui ___ Reg. No.: 37808-054 ___ Date: 12-17-1997

## INSTITUTIONAL ADJUSTMENT

A.  **Program Plan** - Mr. Mah arrived at FCI Allenwood, Pennsylvania, on
    May 2, 1996. He met with his Unit Team for an Initial
    Classification on May 31, 1997. Recommendations for his program
    plan included enrollment in educational classes, individual
    counseling with his Unit Team Members, participation in recreation,
    and leisure time activities, and participation in the Inmate
    Financial Responsibility Program.

B.  **Work Assignments** - Mr. Mah has been assigned to the Correctional
    Services detail since his arrival at this facility. Work
    performance evaluations indicate he is a good worker.

C.  **Educational/Vocational Participation** - Mr. Mah has elected not to
    participate in any Educational or Vocational Programs offered at
    this facility.

D.  **Counseling Programs** - Mr. Mah participates in individual counseling
    with Psychology Services on an as needed basis.

    **Incident Reports** - Mr. Mah has maintained clear conduct during this
    period of incarceration.

F.  **Institutional Movement -** Mr. Mah was designated to
    FCI Allenwood, Pennsylvania, on May 2, 1996. There has been no
    further movement.

G.  **Physical and Mental Health** - Mr. Mah is assigned Regular Duty
    Status with the medical restriction of "No Food Service Work." He
    should be considered fully employable upon release from custody.

H.  **Progress on Financial Responsibility Plan** - Mr. Mah has completed
    his financial obligations.



*EXHIBIT "B"*

Stefanie So Fong Hui
204 East 2nd Street
Brooklyn, NY 11218

January 3, 2000

Dear Sir/Madam:

I am writing in regards to Wai Chiu Mah. I, Stefanie Hui, age 33, am currently a Client Financial Analyst at Citibank. I have been with the bank since May of 1986. It was very early on in my tenure at Citibank that I met Ms. Shill Ling Lee when she joined the staff. In the course of the years, I have gotten to know her family quite well, including her husband Mr. Mah, who was working at a restaurant two blocks away from the bank. In fact, I consider them very close friends on and off the job. Therefore, I would like to offer myself as a reference in Mr. Mah's defense.

As far as I know, the Mah family has been law-abiding citizens. Mr. and Mrs. Mah, although not particularly wealthy, have provided for their two children. Mrs. Mah had a measly teller's salary and Mr. Mah worked long hours for his. Whatever money they received, had their blood and sweat on it. They never relied on Government assistance, unlike some permanent and nonpermanent residents who are much less deserving. Their children have grown to be polite and well-mannered young people. By no means is Mr. Mah a threat to society.

This family has suffered enough, especially the children. I would like to see them back together with their father soon. So please, if I could be of further help, contact me at the above address or at work, 2 Mott Street, New York, NY 10013, tel: 212-240-1850.

Sincerely,

Stefanie Hui

Sworn to before me this 4th day
of January, 2000

Notary Public

WINNIE MOK
Notary Public, State of New York
No. 4863947
Qualified in Westchester County
Commission Expires 6/4, 19 2000

Victoria Chin
92 East Broadway Apt. #4
New York, New York 10002
Tel: (212) 925-1035

Re:
Mah Wai Chiu
 #9800193 A-Block
600 Colony Rd.
Selinsgrove, PA 17870

To Whom It May Concern:

I am writing this letter on behalf of Mr. and Ms. Mah.

Mr. Mah and I have known each other for 25 years and Ms. Mah for 33.  Ms. Mah and I went to the same
grade school and kept our friendship throughout the years. We lived in the same neighborhood and city,
where we grew up. She later on married Mr. Mah, whom also lived in the same neighborhood as us. They
have two lovely children, a daughter, 16 and a son, 13 years of age.

Mr. and Ms. Mah are both respectful and responsible parents. They have a good relationship with their
children, as well with each other. They both are very helpful to others.

Mr.Mah violated the law, and got sentenced for the violation. Ms. Mah was very disturb by having to
manage everything on her own. That she had to make changes which not only affected her, but their
children as well.

Due to the difficulty of raising two children that require full attention, and having to work a full time job.
Ms. Mah had to send her daughter out to Phoenix, AZ. to live with her husband's parents. Her son, whom
has asthma that requires 24 hours care. She also has to take care her mother, whom has a health condition
that needs medical attention at all times.

Recently, I have noticed some changes in her. She is under a lot of stress, and is always tired. She also has
financial difficulty. I believed that it has to do with her husband situation.

She bought to my attention of having difficulty in raising the money for the lawyer's fee for Mr. Mah 's
case. Therefore, I had given her the money hoping the lawyer can help her husband in his case. I was told
that Mr. Mah is in the process of being deported out of the country.

The children are at state. The impact they had when the father was detained.  Which had affected their daily
lives as well in schooling. And, having to hear the father has a high percentage of being deported out of the
country. Which leaves them not knowing when they will ever see their father. As for the children, they too
need their father to be supportive and caring in order to have a better education as well a normal living
environment.

I sincerely hope that the case be review and look into, where Mr. Mah can remain in the country. Where he
can contributed his time to work for his violation of the law. And, their family can be united as one.

I like to thank you for your time and attention. If additional information is needed, feel free to contact me.
Thank you.

Sincerely,

Victoria Chin
January 3, 2000

State of New York
County of New York
Sworn to before me
4th day of Jan.

NORA RODRIGUEZ
Notary Public, State of New York
No. 01RO5050031
Qualified in New York



*EXHIBIT "C"*

Shill Ling Lee
90-23 54th Street
Elmhurst, NY 11373


December 27, 1999


To Whom It May Concern:

My name is Shill Ling Lee, spouse of Wai Chiu Mah since 1980. I was born in China and now a United States Citizen by naturalization. My husband and I have two children, Desiree, 16 years old and Sean, 13 years old. Both were born in the United States.

I am writing this letter to inform this honorable court of the difficulty my family and I am experiencing due to my husband's prolonged detention at Snyder County Prison. My husband and I worked hard together to create a secure household for our children. He was the primary provider of our family. In his absence, our family plans have been placed on hold and the family structure is falling apart.

I have been left with the burden of caring for our two teenage children alone. The youngest needs constant medical attention due to his serious asthma condition. The situation is impacting them negatively in their studies and in their attitude. My daughter has grown quite rebellious. With the stress of mounting bills and increasing negative friction amongst my children, and myself, I was left with no choice but to incorporate the help of my parent-in-laws. My daughter is currently living with them in Arizona. Unfortunately, this means Desiree and Sean will have to be separated for an indefinite period of time. In addition, I have to look after my aging parents, who are in their seventies.

It has been an extremely stressful period in my life and it will only get worse if this continues. It will soon be time for my daughter to make her college selections. It will highly be unlikely and unfair for my parent-in-laws to pay for her college education. And it will be unfair for my daughter to limit her choices due to economic reasons if she has the scholastic potential.

I hope you understand why I am pleading for this honorable court to give my husband a second chance. My husband has served the required sentence for the offense he was convicted of and I'm quite sure with good behavior. He has been a United States resident for most of his life. My husband's deportation will be devastating to him and the entire family. By detaining him any longer or deporting him, this family will be permanently destroyed.

I desperately need the support of my husband and my children need their father's guidance. I am thanking you in advance for your utmost consideration in determining my husband's case and for your assistance in making our family unified again.

Respectfully yours,

_____
Shill Ling Lee

Sworn to before me this 4th day
of January, 2000

_____
Notary Public

WINNIE MOK
Notary Public, State of New York
No. 4863947
Qualified in Westchester County
Commission Expires _____, 2000

1/2/00

To whom it may concern

My name is Sean Mah. I am
13 years old. I am going to Manhattan
Academy of Technology middle
school. I am living with mother.
My sister, Desiree is living with
my grand parents in Arizona.
My mother cannot take care of
two kids all by herself. I get
sick alot because of my asthma.
Especially we lived in a basement
my asthma does get worst. But
that's all my mother could
afford to paid for rent. I missed
my father taking care of me. I
feel bad when I see my mother
have to work so hard to stayed
survive. I missed having my family
being together. I hope my father
could come home soon.

Yours Sincerely

Sean Mah

# PAGE-A-RIDE Inc.

27-02 43rd Avenue, L.I.C., NY 11101
Tel. 718-786-2655 · Fax. 718-786-3125

*EXHIBIT "D"*

JANUARY 1, 2000


TO WHOM IT CONCERN,

THIS LETTER IS TO CONFIRM EMPLOYMENT FOR WAI CHIU MAH.

EMPLOYMENT WILL TAKE EFFECT WHENEVER MR. MAH IS AVAILABLE.




SINCERELY,


ANTHONY MUI
VICE-PRESIDENT