ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAI CHIU MAH,

    Petitioner,

v.

JANET RENO, US ATTORNEY GENERAL,

    Respondent.

CIVIL ACTION NOS.: 1:CV-00-131
                             1:CV-00-199

(JUDGE KANE)

FILED
HARRISBURG, PA
MAY 25 2000
MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

## LIMITED RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR ENLARGEMENT OF TIME

The respondent, Attorney General Janet Reno, by and through the undersigned Assistant United States Attorney, hereby provides a limited response to the Rule to Show Cause and moves for an enlargement of time in which to file a complete response. In support, the respondent states as follows:

1. On January 21, 2000, petitioner Wai Chu Mah filed a petition for writ of habeas corpus challenging his mandatory detention pursuant to Section 236(c) of the Immigration and Nationality Act, and arguing that he is entitled to release under supervision.

2. On February 2, 2000, petitioner Wai Chu Mah filed a petition for writ of habeas corpus challenging his mandatory detention pursuant to Section 236(c) of the Immigration and Nationality Act and arguing that the Immigration and Naturalization Service is obliged to set bail and release him pending removal.

3. On May 9, 2000, the District Court consolidated these two matters and directed the Attorney General to respond to the allegations within 15 days.

4. The petitioner is a native and citizen of China who entered the United States through Honolulu, Hawaii on March 6, 1965 as a parolee. His status was adjusted to that of a lawful permanent resident in 1966.(Ex. 1, p. 3)

5. On April 8, 1976, petitioner was convicted in the Supreme Court of New York for the offense of manslaughter in the first degree . He was also convicted on March 29, 1996 for the offense of conspiracy to transport and possess firearms. (Ex. 1, pp.3,4)

6. On June 3, 1997, the INS commenced removal proceedings by a notice to appear, charging that Mah was subject to removal from the United States under the following statutory provisions:

> Section 237(a)(2)(C) of the Immigration and Nationality Act (Act), as amended, in that, after admission, he had been convicted of purchasing, selling, offering for sale, exchanging, using, owning, possessing or carrying in violation of any law, any weapon, part or accessory which is a firearm or destructive device(as defined in section 921(a) of title 18, United States Code); and Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, in that, after admission, he had been convicted of an aggravated felony as defined in section 16 of Title 18, United States Code, not including a purely political offense) for which a term of imprisonment imposed was five years or more; and Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, after admission, he was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct.

(Ex. 1).

7. An Immigration Judge ordered petitioner's removal from the United States on February 25, 1998. (Ex. 2) Petitioner's appeal of that decision was dismissed on January 15, 1999. (Ex. 3)

8. Mah's case was presented to the Chinese consulate in August 1999 and, as of March 30, 2000, the Consulate reported that it was not yet ready to issue travel documents.(Ex. 4)

9. The INS conducted a custody review of petitioner's status on May 1, 2000. As a

result of that review, the interviewing officer recommended that the petitioner be released, subject to a favorable psychiatric examination. (Id.)

10. The required psychiatric examination is scheduled to take place on May 26, 2000. The INS expects to receive the complete report within two weeks.

11. The District Director will then review the petitioner's file, including the results of the examination and make a determination with respect to custody.

12. The respondent asks the Court for an enlargement of time of 30 days in which to file a complete response to the petition. It is possible that a determination may be made within that time which would moot the petitioner's request. However, if a decision has not been made at that time, the respondent would be prepared to make her legal arguments in support of mandatory detention and periodic review.

Wherefore, respondent respectfully requests that this Court grant her request for a thirty day enlargement of time in which to fully respond to the petition.

                                          Respectfully submitted,

                                          DAVID M. BARASCH
                                          United States Attorney

By: _____
                                          ANNE K. FIORENZA
                                          Assistant U.S. Attorney
                                          228 Walnut Street, Suite 220
                                          Harrisburg, PA 17108-1754
                                          (717) 221-4482
                                          Fax: (717) 221-2246

Date: May 24, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAI CHIU MAH, :
:
    Petitioner, : CIVIL ACTION NOS.: 1:CV-00-131
:                    1:CV-00-199
v. :
: (JUDGE KANE)
:
JANET RENO, US ATTORNEY GENERAL, :
:
    Respondent. :

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    On this 24th day of May, 2000, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

                      Wai Chiu Mah
                 Inmate # 37808-054
                   FCI Allenwood
                    PO Box 2500
             White Deer, PA 17887

                                              *Rebecca A. Plesic*
                                              REBECCA A. PLESIC
                                              Legal Secretary