● ORIGINAL ●

7
5/24

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAI CHIU MAH,                          :

          Petitioner,           : CIVIL ACTION NOS.:   1:CV-00-131

                              :                       1:CV-00-199

      v.                      :

                              : (JUDGE KANE)

                              :

JANET RENO, US ATTORNEY GENERAL,   :

                              :

          Respondent.          :

FILED
HARRISBURG, PA

MAY 2 5 2000

MARY E. D'ANDREA, CLERK
Per _____
                Deputy Clerk

## EXHIBITS TO LIMITED RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR ENLARGEMENT OF TIME

DAVID M. BARASCH
United States Attorney

*Anne K. Fiorenza*

ANNE K. FIORENZA
Assistant U.S. Attorney
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108
(717) 221-4482

Dated: May 24, 2000

**TAB - 1**

U.S. Department of Justice
Immigration and Naturalization Service



**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A13 930 516

In the Matter of:

Respondent: Wai   Chiu          MAH               AKA: Wai Chui Mah, Wai Chiu Chiu, Tony Mah, Waichulu Mah
            INMATE# 37808-054     PRD:03/18/98
FCI ALLENWOOD  P.O. BOX 2500
WHITE DEER,                                                PA      17887          (717) 547-1954
                    (Number, street, city, state and ZIP code)                              (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

SEE CONTINUATION PAGE FOR ADDITIONAL ALLEGATIONS.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

SEE CONTINUATION PAGE FOR ADDITIONAL CHARGES.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐  8 CFR 208.30(f)(2)   ☐  8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
    IMMIGRATION COURT, 1600 CALLOWHILL STREET, ROOM 400, PHILADELPHIA, PA 19106
                                        (Complete Address of Immigration Court, Including Room Number, if any)
on _____TO BE SET_____  at  _____   to show why you should not be removed from the United States based on the
         (Date)                  (Time)
charge(s) set forth above.

                                                    KATHRYN A. JENNY  IHP DIRECTOR
                                                        (Signature and Title of Issuing Officer)

Date: ___JUN 0 3 1997___                            _____ALLENWOOD, PA_____
                                                          (City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

 reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 C 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desir to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certifi English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have su witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that yo are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evide and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear elig including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You mu notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. I you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time a place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appea before an immigration judge.

_____
(Signature of Respondent)

Before:

**MATTHEW C. MOYNIHAN AGENT**
_____
(Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____**JUN 0 3 1997**_____ , in the following manner and in compliance with section 239(a)(1)(F) of the Act:
(Date)

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _____English_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
MATTHEW C. MOYNIHAN AGENT
(Signature and Title of Officer)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form I-862



| Alien's Name  Wai    Chiu MAH AKA: Wai Chui Mah, Wai Chiu Chiu, Tony Mah, Walchulu Mah | File Number A13 930 516___ | Date JUN 0 3 1997 |
|---|---|---|

The Service Alleges that you:

You are not a citizen or national of the United States;

You are a native of China and a citizen of China;

You entered the United States at or near Honolulu, Hawaii on or about March 6, 1965 as a Parolee;

On July 25, 1966 your status was adjusted to that of a Lawful Permanent Resident pursuant to Section 245 of the Immigration and Nationality Act.

You were, on February 27, 1976, convicted in the Supreme Court of the State of New York, at the County of Kings, for the offense Manslaughter 1 degree, in violation of Section 125.20 of the New York State Penal Law.

You were, on March 29, 1996, convicted in the United States District Court, at the Southern District of New York, for the offense of Conspiracy to transport and possess firearms by convicted felon, in violation of Title 18, United States Code, Section 371.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision of law:

Section 237(a)(2)(C) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18, United States Code).

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, to wit: a crime of violence ( as defined in section 16 of title 18, United States Code, not including a purely political offense), for which a term of imprisonment imposed was five years or more.

Section 237(a)(2)(A)(ii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature | Title KATHRYN A. JENNY  IHP DIRECTOR |
|---|---|

of ♦           Pages

*U.S. GPO: 1992-342-483/72348

Form I-831 Continuation Page (Rev. 6/12/92)

OCT-28-1997  11:36          INS DISTRICT COUNSEL          215 656 7148    P.02/03

U.S. Department of Justice
Immigration and Naturalization Service

# Additional Charges of Inadmissibility/Deportability

In:    ■ **Removal proceedings under section 240 of the Immigration and Nationality Act**

    Ô **Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act**

**In the Matter of:**

Alien/Respondent:    Wai Chiu MAH.    AKA: Wai Chui Mah; Wai Chiu Chiu; Tony Mah; Waichulu Mah

File No:    A 13 930 516          Address:    FCI Allenwood, P.O. Box 2500, White Deer, PA  17887

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

In support of the additional charge(s) there is submitted the following factual allegation(s) Ô in addition to ●in lieu of those set forth in the original charging document:

5.  You were, on April 8, 1976, convicted in the Supreme Court of the State of New York, County of Kings, for the offense of Manslaughter in the First Degree, in violation of Section 125.20 of the New York State Penal Law.

Dated:    October 29, 1997          *Geraldine Kerrigan*
                                    (Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

Additional allegations (continued):

# TAB - 2

IMMIGRATION COURT
1600 CALLOWHILL ST. SUITE 400
PHILADELPHIA, PA  19130

In the Matter of

                                    Case A13-930-516

*S-MAH, WAI CHIU (03/1998)
     Respondent                     IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 25, 1998.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to *People Republic*
[ ]  Respondent's application for voluntary departure was denied and *of China*
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
         upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)     ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____
     Date:  Feb 25, 1998
     Appeal: ~~WAIVED~~   Appeal Due By:

         *3/27/98*

                                    DONALD V. FERLISE
                                    Immigration Judge

ISS

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Philadelphia, Pennsylvania

File No: A 13 930 516                     February 25, 1998


In the Matter of                )
                                )
WAI CHIU MAH                    )          IN REMOVAL PROCEEDINGS
                                )
                Respondent      )


CHARGES:

APPLICATIONS:


ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:

Stephen D. Converse, Esq.       Michelle McDonnell, Esq.


## ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondent is a 43 year old native and citizen of
China, who entered the United States through Honolulu, Hawaii
March 6th, 1965 as a parolee.  He became a permanent resident
of this country, adjusting status in 1966.  The Respondent was
on April the 8th, 1976, convicted in the Supreme Court of New
York for the offense of manslaughter in the first degree.  He
was also convicted on March 29th, 1996, in the United States
District Court in New York for the offense of conspiracy to
transport and possess firearms.  The previous Judge, Judge
DiBernardis, found that the Respondent was deportable under

NV

Section 237(a)(2)(C) of the Act.  The Court states for the
record that Judge DiBernardis is not available for today's
hearing.  The Court has familiarized itself with the record and
has assumed jurisdiction.  The Respondent initially denied that
he was an aggravated felon under Section 237(a)(2)(A)(iii).  He
has changed his plea today, and admitted being an aggravated
felon, and the Government has withdrawn the charge of two
crimes involving moral turpitude.  The Respondent wishes to
apply for Section 212(c) relief.  Statutorily, he is ineligible
for that relief, even if this were under prior law.  If an
Order to Show Cause had been issued in this case, if it were
prior to April of 1997, he would have been nonetheless
ineligible for any relief under Section 212(c) under <u>Matter of
Soriano</u>.  The Respondent is not eligible for any other relief,
insofar as he has been sentenced to more than five years, based
on a conviction for an aggravated felony.  Accordingly, the
following order will be entered:

ORDER

IT IS ORDERED, that the Respondent be removed from
the United States.

DONALD VINCENT FERLISE
Immigration Judge

A 13 930 516                    2                   February 25, 1998

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

DONALD VINCENT FERLISE

in the matter of:

WAI CHIU MᴬH

A 13 930 516

Philadelphia, Pennsylvania

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

(Nancy Vizer, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

May 12, 1998
(Completion Date)

**TAB - 3**

Y069



**U.S. Department of Justice**

Executive Office for Immigration Review
*Board of Immigration Appeals*
*Office of the Clerk*

*P.O. Box 8530*
*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Coven, Jules E., Esquire                    Office of the District Counsel/PH
505 Fifth Avenue, 15th Floor,               1600 Callowhill St., Room 530
New York, NY 10017                          Philadelphia, PA 19130


January 15, 1999

<u>MAH, WAI CHIU (03/1998)</u>
A#: 13-930-516


Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:

**GUENDELSBERGER, JOHN
HOLMES, DAVID B.
JONES, PHILEMINA M.**

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia  22041

File:   A13 930 516 - Whitedeer                    Date:   JAN 15 1999

In re:  WAI CHIU MAH a.k.a. Wai Chui Mah a.k.a. Wai Chiu Chiu
        a.k.a. Tony Mah a.k.a. Walchulu Mah

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Jules E. Coven, Esquire
                           Lebenkoff & Coven
                           505 Fifth Avenue, 15th Floor
                           New York, New York   10017

CHARGE:

     Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                      Convicted of aggravated felony

               Sec.   237(a)(2)(C), I&N I&N Act [8 U.S.C. § 1227(a)(2)(C)] -
                      Convicted of firearms or destructive device violation

               Sec.   237(a)(2)(A)(ii),  I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
                      Convicted of two or more crimes involving moral turpitude[1]

APPLICATION:  Termination of proceedings; voluntary departure

ORDER:

     PER CURIAM.  In a decision dated February 25, 1998, an Immigration Judge found the
respondent ineligible for relief under section 212(c) of the Immigration and Nationality Act,
8 U.S.C. § 1182(c), as an alien convicted of an aggravated felony, and ordered the respondent
removed.  The respondent appealed.  The appeal is dismissed.  The respondent's request for oral
argument is denied.  8 C.F.R. § 3.1(e).

---

[1]  The record reflects that the Immigration and Naturalization Service withdrew this charge of
removability (Tr. at 24; I.J. at 2).  Therefore, we find no need to address the respondent's
contentions that he was not convicted of a crime involving moral turpitude.

A13 930 516

On appeal, the respondent contends that his previous attorney improperly conceded that the respondent was convicted of an aggravated felony. The record reflects that the respondent's former counsel admitted that the respondent's manslaughter conviction was for an aggravated felony (Tr. at 24). Therefore, it is prima facie regarded as authorized by the respondent. Matter of Velasquez, 19 I&N Dec. 377 (BIA 1986). While the respondent claims that such concessions were "improperly made" (Respondent's Brief at 2), we note that the respondent's appellate contentions are insufficient to meet the requirements set for in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988), to establish a claim of ineffective assistance of counsel.

The respondent also contends that the Immigration Judge erred in finding that the respondent was convicted of an aggravated felony. We find that in light of the concessions made by the respondent's former counsel that the respondent had been convicted of an aggravated felony, to wit: a crime of violence for which a term of imprisonment imposed was more than 5 years, the record supports the Immigration Judge's determination that the respondent is removable as charged. (Tr. at 24; Exh. 2). See also section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (requiring only a term of imprisonment of 1 year). Therefore, we find that the respondent's conviction renders him statutorily ineligible for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a). See section 240A(a)(3) of the Act. Although the respondent argues that the retroactive effect of the law is unconstitutional, we have no jurisdiction to rule on the constitutionality of laws enacted by Congress. Matter of Fuentes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N Dec. 529 (BIA 1992).

The respondent further challenges the Immigration Judge's determination that he is ineligible for relief under section 212(c) of the Act. We note that a waiver of inadmissibility under section 212(c) of the Act is not a form of relief that is available in removal proceedings. See section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009. Therefore, we do not need to address further the respondent's arguments regarding section 212(c) relief.

We also find no merit in the respondent's appellate contentions that the "substitution of Judge DiBernadis . . . with Judge Ferlise" was "in error as a matter of law" (Respondent's Brief at 2). We find no evidence in the statute or the regulations which preclude the substitution of Immigration Judges within the Immigration Court. See 8 C.F.R. § 3.14. Accordingly, the appeal is dismissed.

_____
FOR THE BOARD

2

**TAB - 4**

# POST ORDER CUSTOD  REVIEW WORKSHEET FOF  E REVIEW AND/OR INTERVIEW

**Detainee Name**: MAH, Wai Chiu

**Date of Birth**: 11/12/54   **"A" Number**: 13 930 516

**BOP Number:**  37808-054

**AKA's:** Wah Chui MAH
         Wai Chio MAH
         Tony MAH

**Country of Birth:** China

**Citizenship:** China

**Date of Arrival:** 3/6/65

**Place of Arrival:** Honolulu, Hawaii

**Manner of Arrival:** Parole

**Last Date into INS Custody:** 3/18/98

**Entered INS Custody from:**    ■    **Local, State,  or Federal Institution**
                                 ☐    **Other**

**Location:** FCI  Allenwood

**Institution Number:** 37808-054

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

    Describe:  07/25/66-Adjusted LPR
              06/03/97-NTA issued
              03/27/98-IJ Order of Removal
              01/15/99-Appeal dismissed
              09/24/99-Presentation to Consulate

**Deportation Officer**: John C. Crosson

**Date of Review:**  05/01/00

**Location Detained:**   Snyder County Prison

---

**Deportation/Exclusion/Removal Proceedings**

**List all Charges:**   ■   Section 237 (a)(2)(A)(iii)    237(a)(2)(C),  237(a)(2)(A)(ii)
                       ▨   Section 212 (a) ,         ,
                       ☐   Section 241

■    Under <u>Final Order</u> dated: 01/15/99      by ▨ IJ  ■ BIA  ☐ Other

▨    Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**
08/24/99-Presentation to China Consulate by Philadelphia District - A. James
12/20/99-Travel Document Application completed and sent to Consulate
03/30/00-Consulate called; not ready to issue.

## ● gal Representative / Attorney ●

**G-28 Filed:**  ☑ Yes   ▨ No

**Notification of Interview Made:**  ☐ Yes   ■ N/A   by:         on:

**Name of Representative / Attorney:**

**Mailing Address:**                    **Telephone Number:**

**Present during interview:**  ☐ Yes   ■ No  Alien states not  being represented at this time

---

## Criminal History

**Outside the United States:**      Claims None.
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**      YES

**NCIC Checks:**        ▨ Criminal History Attached      ☐ No record Found
                         (State and Federal)
        Summary of NCIC Checks:   FBI NCIC
07/24/74        Deportation Proceedings            Buffalo INS
08/08/95        Conspiracy; Convicted Felon W/ Firearm    ATF
                Convicted 09/19/99
                Conspiracy to possess and transport firearm by convicted felon

                        New York State NCIC
09/06/72        Possession of Firearm;  Willful Defacement of Machine Gun
                Convicted, Sentenced 4 Years Max.
01/24/74        Murder W/ Intent;  Possession of a loaded firearm
                Convicted Manslaughter  Sentenced 5-15 Years.
                Paroled 01/31/79  11 Years 11 Months

---

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**        ☐ Yes   ■ No

        If Yes, List & Describe:

        Source:

**Disciplinary reports and Incidents while in INS Custody?**    ☐ Yes   ■ No

        If Yes, List & Describe:

# Specifics of Interview

**Date of File Review**: 05/01/00

**Date of Detainee Interview**: 05/01/00

**Location of Interview**: Snyder County Prison

**Interviewing Officer:**#1:  John C. Crosson

   #2:   (optional)

**Interpreter Used**:  ☐ Yes   ▣ No   Name:
**Language/Dialect**:

---

**Does the detainee have a place to live in the United States?**   ■ Yes   ☐ No

   Address:  88 Elizabeth St. Apt.17
   New York, NY  10013 -  With Shill Ling Lee (wife)

**Is the detainee subject to any parole or probation requirements?**   ■ Yes   ▣ No

   Describe:  3 years-supervised release;  3/18/98 which expires 3/18/2001

**Does the detainee have close family ties within the United States?**   ■ Yes   ☐ No
   Wife, Children:  Sean C. Mah, 13
**#1)**   Describe:         Desiree N. Mah, 16   **See Notes**

**Does the detainee have any community ties or non-governmental sponsors?**

   ☐ Yes   ▣ No
   Describe:

**Does the detainee have any employment prospects?**   ■ Yes   ☐ No

   Describe: Page-A-Ride
   27-02 43rd Ave.         > Limo Driver
   Long Island City, NY  11101
**What is the detainee's employment history?**

   Describe:   Chef - Restaurant / Stake House
   Country Club
**What is the detainee's educational level?**
   Describe:  High School Diploma - GED

**Does the detainee have any vocational training?**
   Describe:  None.

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ Attached ▉ None ☐ Not Available

**Date and Source:**

---

**Other documentary evidence for consideration in this review:**

Snyder County Prison file
Letters of support – Family and Friends
BOP record

---

## Discussion at Interview

**Notes:**

**Regarding entry information**
Subject states he entered at Honolulu, Hawaii on 03/06/65 as a parolee.

**Regarding his family ties**
Subject states he is married to Shill Ling Lee and they have two children from that union, Sean C. MAH age 13 and Desiree N. MAH age 16. Subject states that his relationship with his wife is good, and if released he would reside with her and their children. Subject states he wishes to be a part of his children's life and be a good father to them. He states he has strong family support.

**Regarding employment and education**
Subject states that he completed his GED while in prison.

**Regarding his criminal history in the US,**
Subject freely admitted to his criminal past. He did not try to hide his involvement or lay blame on others. Subject stated that he is remorseful for his actions that have hurt so many people, victims, his family and himself.

**Regarding his institutional record**
Subject has a clear institutional record and stated that he has worked hard to stay out of trouble while in custody in hopes that it would reflect positively on his possible release.

**Regarding community support and sponsors**
Subject states he has a job offer as a limo driver for Page-A-Ride (see attached support letter).

**Regarding him being a threat to the community or flight risk**
Subject states that he does not wish to return to his past criminal activity because he does not wish to waste any more of his life in prison. He does not wish to loose any more time with his family. He states he has matured in prison and wants to have a chance to do the right thing for his future.

The INS detainee was found ■ **CREDIBLE**    ▨ **NOT CREDIBLE**

**Explain:**

Subject alien was direct in his responses. He maintained good eye contact and was not evasive in his explanations. Subject alien freely admitted to his criminal history and expressed remorse for his actions.

## Officer Comments/Analysis & Recommendation

This subject alien has been in service custody since March of 1998 without incident. He is a hard worker and always ready to help officers and other inmates alike. It appears that this subject has come to terms with his criminal activity and has realized to effect that conduct has on the lives of all involved. He has stated his wish to be with his family and help raise his children. It appears from his actions and statements that this subject alien would not return to his criminal activities, therefore he would not be a threat to society. He states he would present himself for deportation, therefore not a flight risk.

Based on the above I recommend release at this time.

Interviewing Officer #1: _JOHN C. CROSSON_
Deportation Officer
U.S. INS ALLENWOOD

Date: 5/15/00

Detain (Release)

Interviewing Officer #2:
(optional)

Date:

Detain (Release)

Reviewed by:

Date: 5/13/00

Concur (Do Not Concor)

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

      Bond Amount: _____

☐    CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _____

Signature of District Director: _____    Date:_____

# HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/99)